UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **GAYLE MCKENNON** | ) ) ) | |
| | Plaintiff, | ) |
| **v.** | | ) ) |
| | | ) **Civil Action No.:** |
| **ARTEES ISLAND DESIGNS, LLC** | | ) |
| | Defendant. | ) |
| | | ) |

# 05) 11416 RGS

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

### INTRODUCTION

Plaintiff Gayle McKennon is a Hyannis, Massachusetts artist. In 2002 and 2003, respectively, Ms. McKennon licensed Defendant arTees Island Designs, LLC ("arTees") to incorporate two of her designs, "Rhododendron" and "Clownfish," onto garments and to sell and offer for sale these garments. In December 2004, Mr. McKennon terminated arTees' license to use her designs and demanded that, after a reasonable period of time, arTees cease selling and offering for sale clothing incorporating her designs. Despite termination of its license to do so, arTees has continued to offer for sale clothing incorporating Ms. McKennon's designs. arTees' conduct has left Ms. McKennon no choice but to file this action and seek a preliminary order enjoining arTees from copying Ms. McKennon's copyrighted work, and from selling or offering for sale clothing or any items incorporating those works.

### FACTUAL BACKGROUND

Plaintiff Gayle McKennon, who resides in Hyannis, Massachusetts, has been painting and drawing original works of art for over twenty (20) years. See Affidavit of Gayle McKennon

BOST1-855095-3

("McKennon Aff."), ¶¶ 3-4, attached hereto as Exhibit A. To date, Ms. McKennon has registered two of her designs, "Rhododendron" and "Clownfish," with the United States Copyright Office (the "Artwork"). Id, ¶ 6. The registration numbers for the copyrights are VA 1-299-470 and VA 1-299-471. Copies of the Copyright Registrations are attached to the McKennon Aff. as Exhibits 1 and 2, respectively.

Upon information and belief, arTees is a Massachusetts limited liability company and is in the business of custom screen printing and embroidery of designs onto garments.

On or about July 23, 2002, Ms. McKennon provided arTees with a license to apply her "Rhododendron" design to garments and to sell and offer to sell garments incorporating the design. Id., ¶ 7. Attached to the McKennon Affidavit as Exhibit 3 is Ms. McKennon's invoice to arTees for the license of the "Rhododendron." Ms. McKennon had an express oral license agreement with arTees setting forth the terms of arTees' license Id., ¶ 9.

On or about December 15, 2003, Ms. McKennon provided arTees with a license to apply her "Clownfish" design to garments and to sell and offer to sell garments incorporating the design. Id., ¶ 8. Attached to the McKennon Affidavit as Exhibit 4 is Ms. McKennon's invoice to arTees for the license of "Clownfish."

By letter dated December 23, 2004, Ms. McKennon terminated arTees' license to make any garments incorporating Ms. McKennon's Artwork, including derivative works. Id., ¶ 10. A copy of the December 23, 2004 letter is attached to the McKennon Affidavit as Exhibit 5. In addition, in the December 23, 2004 letter, Ms. McKennon terminated arTees' license to sell or offer for sale works incorporating her designs, however, Ms. McKennon made clear that the termination did not become effective until March 22, 2005. Thus, Ms. McKennon provided

arTees with a reasonable amount of time in which to deplete its inventory of garments incorporating Ms. McKennon's Artwork. Id.

Despite termination of its licenses to use Ms. McKennon's designs, arTees continues to offer for sale garments that incorporate Ms. McKennon's Artwork. For example, as of June 30, 2005, arTees continues to post the Artwork on its website for promotional purposes. Id., ¶ 11. Attached to the McKennon Affidavit as Exhibit 6 are dated screen shots from arTees' website <www.artees.biz>.

## LEGAL ARGUMENT

## I.     THE STANDARD FOR GRANT OF A PRELIMINARY INJUNCTION

In the First Circuit, courts generally use a four-part inquiry in determining whether a preliminary injunction is warranted. "A court may grant a preliminary injunction when the plaintiff will suffer irreparable injury if the injunction is not granted; such injury to the plaintiff outweighs any harm the injunction would inflict on the defendant; the plaintiff exhibits a likelihood of success on the merits and the public interest will not be adversely affected." Tanel Corp. v. Reebok Int'l., Ltd, 774 F. Supp. 49, 50 (D. Mass. 1990), citing, Planned Parenthood League of Massachusetts v. Bellotti, 641 F.2d 1006, 1009 (1st Cir. 1981).

In a case involving claims of copyright infringement, this Court has the authority to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). The standard for granting a preliminary injunction in copyright infringement cases is, "slightly different" than in other matters. Accusoft Corp. v. Palo, 923 F. Supp. 290, 295 (D. Mass. 1996). "Specifically, the moving party need not prove irreparable harm because such harm is presumed if the moving party has otherwise demonstrated a likelihood of success on the merits of its copyright

3

infringement claim." Id., citing, Concrete Machinery Co., Inc. v. Classic Lawn Ornaments, Inc.,

843 F.2d 600, 611-12 (1st Cir. 1988). Furthermore, the issue of public policy is rarely a genuine

issue if the copyright owner has established a likelihood of success. Id.

The Court should preliminarily enjoin arTees from making and selling garments

incorporating her Artwork and from any further use of the Artwork because: Ms. McKennon is

likely to prevail on her claim that arTees is infringing her copyrights by continuing to offer for

sale garments incorporating her designs; she will suffer irreparable harm if the Court does not

enjoin arTees from continuing to infringe her copyrights; and the balance of the hardships tips in

Ms. McKennon's favor.

## II.    MS. MCKENNON IS LIKELY TO SUCCEED ON THE MERITS
OF HER CLAIM THAT ARTEES IS INFRINGING HER COPYRIGHTS.

### A.    Elements of Copyright Infringement

To prevail on her claim of copyright infringement, Ms. McKennon must show: 1) that she

has ownership of a valid copyright, and 2) that arTees engaged in unauthorized copying of

elements of her copyrighted work. Lotus Dev. Corp. v. Borland Int'l, Inc., 49 F.3d 807, 813 (1st

Cir. 1995).

### B.    Ms. McKennon Owns Valid Copyrights.

Ms. McKennon owns valid copyrights for both "Rhododendron" and "Clownfish." (See

the Certificates of Registration, attached to the McKennon Affidavit as Exhibits 1 and 2,

respectively). Copyright registration certificates constitute prima facie evidence of the validity

of the copyrights. Micro-Spare, Inc. v. Amtype Corp., 592 F. Supp. 33, 34 (D. Mass. 1984); see

also, 17 U.S.C. §410(c) ("a certificate of registration made before or within five years after first

publication of the work shall constitute prima facie evidence of the validity of the copyright and

of the facts stated in the certificate").

4

**C.   arTees Engaged in Unauthorized Copying of the Artwork.**

"Proof by direct evidence of copying is generally not possible since the actual act of copying is rarely witnessed or recorded. Normally, there is no physical proof of copying other than the offending object itself." Concrete Machinery Co., 843 F.2d. at 606. However, in this case there is direct physical proof that arTees directly copied Ms. McKennon's Artwork arTees originally was licensed to make such copies and despite termination of first license, continues to make copies.

**1.   *Ms. McKennon granted licenses to arTees to use the Artwork.***

Ms. McKennon expressly licensed arTees to copy the Artwork onto garments and to post the Artwork on arTees' website for promotional purposes. See McKennon Aff., ¶ 9. The oral license is specifically referenced in the invoices for both "Rhododendron" and "Clownfish." See McKennon Aff., Exhibits 3 and 4. The invoice for "Rhododendron" states, "in watercolor; as per agreement, for use on silk-screened images an (sic) garments and other related uses." The invoice for "Clownfish" states, "Art Services Rendered as per oral contract: 'Clownfish,' in full watercolor."

Ms. McKennon did not transfer or assign to arTees her copyrights in the Artwork. Transfers of copyright must be made in writing. 17 U.S.C. § 204(a). In this case, there is no writing under which Ms. McKennon transferred or assigned any copyrights to arTees. Rather, Ms. McKennon merely gave arTees an oral nonexclusive license.[1]

---

[1] A nonexclusive license may be granted orally. MacLean Associates v. Wm. M. Mercer-Meidinger-Hansen, Inc., 952 F.2d 769, 779 (3d Cir. 1991).

5

### 2.   *Ms. McKennon terminated arTees' license to use the Artwork.*

In December 2004, Ms. McKennon terminated arTees' license. McKennon Aff., ¶ 10.
The oral license agreement was of no specific duration, and thus, it could be terminated at will
by either party upon reasonable notice. See, Simons v. American Dry Ginger Ale Co., 335 Mass.
521, 524 (1954) (an oral agreement of no specified duration would be fairly construed as
terminable at will by either party upon reasonable notice). In her December 23, 2004 letter
terminating arTees' license, Ms. McKennon made clear that the termination of arTees' license to
sell and offer for sale garments incorporating her Artwork did not become effective until March
22, 2005. Thus, Ms. McKennon provided arTees with a reasonable amount of time in which to
deplete its inventory of garments incorporating Ms. McKennon's Artwork.

### 3.   *arTees engaged in unauthorized copying of the Artwork after the license was terminated.*

Despite termination of its license to do so, arTees' continued to offer for sale garments
incorporating Ms. McKennon's Artwork after March 22, 2005. The continued copying of
copyrighted works, after termination of a license to copy those works constitutes copyright
infringement. See, Marvin Music Co. v. BHC Ltd. Partnership, 830 F. Supp. 651, 654 (D. Mass.
1993). In Marvin Music, the plaintiff terminated the defendant's license use the plaintiff's
copyrighted works for non-payment of license fees, however, the defendant continued to use the
works despite termination of the license. The court found that the defendant's continued use of
the plaintiff's copyrighted material after the license was terminated constituted copyright
infringement. Id. Here, as well, arTees' offering for sale of garments incorporating Ms.
McKennon's Artwork after termination of its license to do so constitutes copyright infringement.

6

III.    **MS. MCKENNON WILL SUFFER IRREPERABLE HARM
IF A PRELIMINARY INJUNCTION IS NOT GRANTED.**

Ms. McKennon has clearly demonstrated a likelihood of success on the merits of her
copyright claims. As such, irreparable harm is presumed by arTees' continued infringement of
her Artwork. See, Concrete Machinery Co., 843 F.2d at 611-12 (moving party need not prove
irreparable harm because such harm is presumed if the moving party has otherwise demonstrated
a likelihood of success on the merits of its copyright infringement claim).

IV.    **THE BALANCE OF HARDSHIPS TIPS IN MS. MCKENNON'S FAVOR.**

The balance of hardships tip in Ms. McKennon's favor. "[C]opyright protects the unique
and somewhat intangible interest of creative expression. Unlike most property rights, the value
of this interest of often fleeting." Id., at 611. In such situations, the commercial value of the
copyright owner's tangible expression may be lost by the time litigation is complete. Id.

"[A] court's findings regarding likelihood of success in a copyright action . . . should be
placed in the scales when it weighs the balance of the harms." Id. at 612. By contract, the only
hardship that arTees will suffer is lost profits from infringing Ms. McKennon's copyrights.
"Where the only hardship that the defendant will suffer is lost profits from an activity which has
been shown likely to be infringing, such an argument in defense 'merits little equitable
consideration.'" Id., quoting, Helene Curtis Industries v. Church & Dwight Co., Inc., 560 F.2d
1325, 1333 (7th Cir. 1997).

V.    **THE COURT SHOULD PRESUME THAT ENJOINING ARTEES FROM
FURTHER INFRINGEMENT WILL SERVE THE PUBLIC INTEREST.**

Ms. McKennon is entitled to a presumption that enjoining arTees from copying her
Artwork will serve the public interest because she has demonstrated that she will succeed on her
claim that arTees is infringing her copyrights. Id. at 612, quoting, Apple Computer, Inc. v.

7

Franklin Computer Corp., 714 F.2d 1240, 1255 (3d Cir. 1983) ("Since Congress has elected to

grant certain exclusive rights to the owner of a copyright, it is virtually axiomatic that the public

interest can only be served by upholding copyright protections and, correspondingly, preventing

the misappropriation of the skills, creative energies, and resources which are invested in the

protected work."). See also, AccuSoft Corp. v. Mattel Inc., 117 F. Supp. 2d 99, 102 (D. Mass.

2000) (finding that issuance of preliminary injunction would serve public interest because

plaintiff had demonstrated a likelihood of succeeding on its copyright claim).

## CONCLUSION

The Court should enjoin arTees from making and selling garments that incorporate

"Rhododendron" and "Clownfish" and from posting these designs on its website for promotional

purposes. The Court also should order impoundment of "Rhododendron" and "Clownfish" as

well as any garments incorporating the Artwork pursuant to Fed. R. Civ. P. 65(f). Ms.

McKennon is entitled to such relief because has demonstrated each of the following:   (1) that

she is likely to prevail on her claims of copyright infringement because arTees has continued to

use her designs after she terminated its licenses to use those designs; (2) that Ms. McKennon has

been irreparably harmed by arTees' infringement of her copyrights; (3) that the balance of the

hardships tips in Ms. McKennon's favor ; and (4) that the public interest would be served by

issuance of an injunction affirming the importance of protecting copyrights.

Respectfully submitted,
**GAYLE MCKENNON**
By her attorneys,

Kathleen M. Porter (BBO# 632606)
John R. Bauer (BBO# 630742)
Nancy M. Cremins (BBO# 658932)
**ROBINSON & COLE LLP**
One Boston Place, 25th Floor
Boston, MA 02108-4404
(617) 557-5900

## **CERTIFICATE OF SERVICE**

On July 5, 2005, I caused to be served by First Class Mail a copy of the foregoing

on counsel to arTees Island Designs, LLC.:

David W. Skinner, Esq.
257 Blue Hills Parkway
Milton, MA 02186

Nancy M. Cremins

9