UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **GAYLE MCKENNON** ) | |
| **Plaintiff,** ) | |
| **v.** ) | **Civil Action No.:** |
| **ARTEES ISLAND DESIGNS, LLC** ) | |
| **Defendant.** ) | |

# 05 11416 RGS

## AFFIDAVIT OF GAYLE MCKENNON

I, Gayle McKennon, being duly sworn, do hereby depose and state as follows:

1. I have personal knowledge of the matters set forth in this affidavit, except for those matters known to me on information and belief, and, as to those, I believe them to be true and accurate.

2. I submit this affidavit in support of Plaintiff's Motion for Preliminary Injunction.

3. I have been painting and drawing original works of art for over twenty (20) years.

4. At all relevant times, I have resided in Hyannis, Massachusetts.

5. I have had an ongoing relationship with arTees Island Designs, LLC ("arTees") since approximately July 2002. arTees is in the business of custom screen printing and embroidery of designs onto garments. Pursuant to our relationship, I provided original artwork to arTees which arTees would screen print or embroider onto garments, including t-shirts and sweatshirts. "Rhododendron" and "Clownfish" (collectively, the "Artwork") are two of the original watercolors that I provided to arTees for this purpose.

6. I have registered two of my original designs, "Rhododendron" and "Clownfish," with the United States Copyright Office. The registration numbers for the copyrights are VA 1-299-470

BOST1-859352-1

and VA 1-299-471. True and accurate copies of the Copyright Registrations are attached to this Affidavit as Exhibits 1 and 2, respectively.

7. On or about July 23, 2002, I provided arTees with a license to apply my "Rhododendron" design to garments and to sell and offer to sell garments incorporating the design. A true and accurate copy of the invoice to arTees for the license of the "Rhododendron" is attached as Exhibit 3.

8. On or about December 15, 2003, I provided arTees with a license to apply my "Clownfish" design to garments and to sell and offer to sell garments incorporating the design. A true and accurate copy of the invoice to arTees for the license of "Clownfish" is attached as Exhibit 4.

9. I had an express oral licensing agreement with arTees. The oral license agreement was incorporated by reference into the invoices for both "Rhododendron" and "Clownfish." The terms of the oral license agreement permitted arTees to copy the designs onto garments. I did not sell the Artwork to arTees, nor did I transfer my copyrights in the Artwork to arTees.

10. On December 23, 2004, I terminated arTees' license to make any garments that incorporated the Artwork, including derivative works. A copy of the December 23, 2004 letter is attached as Exhibit 5. In addition, in the December 23, 2004 letter, I terminated arTees' license to sell and offer for sale works incorporating the Artwork, however, I made clear that the termination did not become effective until March 22, 2005. Thus, I provide arTees with a reasonable amount of time in which to deplete its inventory of garments incorporating my Artwork.

11. arTees continues to offer offering for sale garments that incorporate my Artwork. For example, as of June 30, 2005, arTees continues to post the Artwork on its website for

2

promotional purposes. True and accurate copies of dated screen shots from the arTees website www.artees.biz are attached as Exhibit 6.

12. If arTees is not enjoined from creating and selling garments incorporating my designs and posting my Artwork on its website for promotional purposes, I will be irreparably harmed.

Signed under the pains and penalties of perjury this 1st day of July, 2005.

*Gayle L. McKennon*

Gayle McKennon