UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GAYLE MCKENNON<br>                Plaintiff,<br>v.<br>ARTEES ISLAND DESIGNS, LLC<br>                Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.: 05-CV-11416-RGS<br>)<br>)<br>)<br>)<br>) |

**REPLY OF PLAINTIFF GAYLE MCKENNON TO
DEFENDANT'S COUNTERCLAIM**

Plaintiff, Gayle McKennon responds to Defendant, arTees Island Designs, LLC's ("arTees") counterclaims as follows:

**FACTS**

1. Ms. McKennon is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1.

2. Ms. McKennon is without sufficient without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 2.

3. Ms. McKennon admits the allegations set forth in paragraph 3.

4. Ms. McKennon admits the allegations set forth in paragraph 4.

5. Ms. McKennon admits that in or about 2001 she and arTees discussed a business arrangement. Ms. McKennon denies the remaining allegations set forth in paragraph 5.

6. Ms. McKennon denies the allegations set forth in paragraph 6.

7. Ms. McKennon admits that she was unable to tell arTees for whom she had painted pre-existing images she showed to arTees. Ms. McKennon is without sufficient

knowledge or information to form a belief to as to the truth of the remaining allegations contained in paragraph 7.

8. Ms. McKennon denies the allegations set forth in paragraph 8.

9. Ms. McKennon denies the allegations set forth in paragraph 9.

10. Ms. McKennon admits that she was aware that arTees' clients included museums and aquaria. Ms. McKennon is denies the remaining allegations contained in paragraph 10.

11. Ms. McKennon denies the allegations set forth in paragraph 11.

12. Ms. McKennon denies the allegations set forth in paragraph 12.

13. Ms. McKennon admits the allegations set forth in paragraph 13.

14. Ms. McKennon is without sufficient knowledge or information to form a belief to as to the truth of the allegations contained in paragraph 14.

15. Ms. McKennon denies the allegations set forth in paragraph 15.

16. Ms. McKennon is without sufficient knowledge or information to form a belief to as to the truth of the allegations contained in paragraph 16.

17. Ms. McKennon admits that she sometimes provided different versions of her designs based on arTees' requests. Ms. McKennon denies the remaining allegations in paragraph 17.

18. Ms. McKennon admits that she painted the artwork arTees ordered. Ms. McKennon denies the remaining allegations in paragraph 18.

19. Ms. McKennon denies the allegations set forth in paragraph 19.

20. Ms. McKennon is without sufficient knowledge or information to form a belief to as to the truth of the allegations contained in paragraph 20.

21.     Ms. McKennon is without sufficient knowledge or information to form a belief to as to the truth of the allegations contained in paragraph 21.

22.     Ms. McKennon admits that arTees commissioned Ms. McKennon to produce designs in June 2002.  Ms. McKennon denies the remaining allegations contained in paragraph 22.

23.     Ms. McKennon admits that arTees commissioned Ms. McKennon to create designs for Heritage Museums & Gardens of Sandwich, Massachusetts.  Ms. McKennon denies the remaining allegations contained in paragraph 22.

24.     Ms. McKennon denies the allegations contained in paragraph 24.

25.     Ms. McKennon admits that she delivered "Rhododendron" to arTees on July 23, 2002.  Ms. McKennon denies the remaining allegations contained in paragraph 25.

26.     Ms. McKennon admits that arTees paid her $300 in connection with her painting "Rhododendron."  Ms. McKennon denies the remaining allegations contained in paragraph 26.

27.     Ms. McKennon denies the allegations contained in paragraph 27.

28.     Ms. McKennon admits that she created "Rhododendron" and delivered it to arTees.  Ms. McKennon denies the remaining allegations contained in paragraph 28.

29.     Ms. McKennon denies the allegations contained in paragraph 29.

30.     Ms. McKennon is without sufficient knowledge or information to form a belief to as to the truth of the allegations contained in paragraph 30.

31.     Ms. McKennon denies the allegations contained in paragraph 31.

32.     Ms. McKennon denies the allegations contained in paragraph 32.

33.     Ms. McKennon admits that she delivered "Clownfish" to arTees on December 15, 2003.  Ms. McKennon denies the remaining allegations contained in paragraph 33.

34. Ms. McKennon admits that arTees paid her $300 on December 15, 2003 in connection with her painting "Clownfish." Ms. McKennon denies the remaining allegations contained in paragraph 34.

35. Ms. McKennon denies the allegations contained in paragraph 35.

36. Ms. McKennon admits that she created "Clownfish" and delivered it to arTees for use in its business. Ms. McKennon denies the remaining allegations contained in paragraph 36.

37. Ms. McKennon admits the allegations contained in paragraph 37.

38. Ms. McKennon admits that arTees paid her for a license to use the "Fading Sailboat" image without the purchase of the original artwork. Ms. McKennon denies the remaining allegations contained in paragraph 38.

39. Ms. McKennon states that the invoice for "Fading Sailboat" speaks for itself.

40. Ms. McKennon admits that the original painting of "Fading Sailboat" was returned to her by arTees. Ms. McKennon denies the allegations that this was a "special agreement" for this specific image. Ms. McKennon is without sufficient knowledge or information to form a belief to as to the truth of the remaining allegations contained in paragraph 40.

41. Ms. McKennon denies the allegations contained in paragraph 41.

42. Ms. McKennon admits that arTees paid her for a license to use forty-three (43) paintings and various images in its business.

43. Ms. McKennon admits that arTees paid her approximately $10,300 between 2001 and June 21, 2004. Ms. McKennon denies the remaining allegations contained in paragraph 43.

44. Ms. McKennon states that the invoices attached to arTees' Counterclaims as Exhibits 1-38 speak for themselves. Ms. McKennon denies the factual allegations contained in paragraph 44.

45. Ms. McKennon states that the invoices speak for themselves. Ms. McKennon denies that this is the single transaction where arTees purchased rights only and not the original artwork.

46. Ms. McKennon states that the invoices speak for themselves.

47. Ms. McKennon states the invoices speak for themselves.

48. Ms. McKennon admits that she prepared designs and paintings, provided the finished art to arTees and licenses the designs to arTees for use in its business. Ms. McKennon admits that arTees paid her for the licenses to use the artwork. Ms. McKennon denies the remaining allegations contained in paragraph 48.

49. Ms. McKennon admits that she delivered a piece of art to arTees on June 21, 2004. Ms. McKennon also admits that she received a check from arTees on June 21, 2004. Ms. McKennon denies the remaining allegations contained in paragraph 49.

50. Ms. McKennon admits that on June 21, 2004, she requested that arTees return her original artwork. Ms. McKennon admits that she spoke with arTees about their agreement that arTees was storing the original for her and purchased only rights to license the artwork and not the originals. Ms. McKennon denies the remaining allegations contained in paragraph 50.

51. Ms. McKennon admits that on June 21, 2004 arTees informed Ms. McKennon that it purchased the original artwork in addition to the license. Ms. McKennon denies the remaining allegations contained in paragraph 51.

52. Ms. McKennon admits that her counsel wrote to arTees on December 23, 2004, rescinding the license granted for each piece of artwork that she provided to arTees. Ms. McKennon denies the remaining allegations contained in paragraph 52.

## COUNT I
### (Breach of the Covenant of Good Faith and Fair Dealing)

53. Ms. McKennon realleges and incorporates by reference her responses to paragraphs 1-52.

54. The allegations in paragraph 54 are legal conclusions to which no response is required. To the extent that paragraph 54 contains any factual allegations, Ms. McKennon denies those allegations.

## AFFIRMATIVE DEFENSES

Ms. McKennon presents the following affirmative defenses.

### First Affirmative Defense

arTees fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

arTees' claims are barred because she did not breach the covenant of good faith and fair dealing.

### Third Affirmative Defense

arTees' claims are barred because it acted with unclean hands.

**WHEREFORE**, Ms. McKennon respectfully requests that the Court (a) enter judgment in her favor on Count I of arTees' Counterclaims; (b) award Ms. McKennon her costs and reasonable attorneys' fees; and (c) award Ms. McKennon such other relief as the Court may deem just and appropriate.

## JURY DEMAND

Ms. McKennon demands a jury trial on all triable claims.

                                              Respectfully submitted,

                                              **GAYLE MCKENNON**

                                              By her attorneys,

                                               /s/ Nancy M. Cremins
                                              Kathleen M. Porter (BBO# 632606)
                                              John R. Bauer (BBO# 630742)
                                              Nancy M. Cremins (BBO# 658932)
                                              **ROBINSON & COLE LLP**
                                              One Boston Place, 25th Floor
                                              Boston, MA  02108-4404
                                              (617) 557-5900

Dated: January ___, 2006

## Certificate of Service

In accordance with Local Rule 5.2(b), I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                               /s/ Nancy M. Cremins
                                              Nancy M. Cremins